IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JIMMY BRYANT, on his own behalf
and all similarly situated individuals,

    Plaintiffs,

v.

V&S TOWING SERVICES, INC.,
CLEMENT PARKER, and SHERRY
DUKES,

    Defendants.

CIVIL ACTION NO.
1:14-CV-0661-LMM

**ORDER**

This case comes before the Court on Plaintiffs' Motion for Default Judgment [38] against Defendants V&S Towing, Parker, and Dukes.[1] After review of the record and due consideration, the Court enters the following Judgment:

**I.**  **Discussion**

Plaintiff Bryant and the Opt-in Plaintiffs[2] brought this case on March 6, 2014, against Defendants seeking recovery for overtime compensation and

---

[1] The Court is aware that Defendant Sherry Dukes has filed a Motion to Set Aside Default [43]. As that Motion is not yet ripe for consideration, the Court will await the parties' full briefing before addressing it and will vacate the judgment against Defendant Dukes if her Motion prevails.

[2] The Opt-in Plaintiffs are Alphonson Goodgame, Adarrius Weaver, Rene Kelly, Jemaine Jones, Markiyas Lockhart, and Romarlo Guyton.

recovery for minimum wages under the Fair Labor Standards Act ("FLSA"). Dkt. No. [1]. Default was entered against Defendant V&S Towing on December 11, 2014, for failure to retain counsel, Dkt. No. [21], and on October 19, 2015, Default was entered against Parker and Dukes for failure to respond to Court Orders. Dkt. No. [31]. In an Order dated March 10, 2016, the Court ordered the parties to appear at a hearing to determine damages. Dkt. No. [39]. A hearing was held on March 30, 2016, at 9:30 a.m., where Plaintiffs presented unopposed evidence of Defendants' violations of the FLSA and resulting damages. All Plaintiffs testified in person at the hearing.

In its previous Order, the Court found that Plaintiffs' Complaint is well-pleaded and states a *prima facie* case for violations of the FLSA's minimum wage and overtime provisions. Dkt. No. [39] at 2. See Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) ("[B]efore entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.") (emphasis in original); Harmon v. Elkins Wrecker Serv., Inc., No. 1:12-cv-758-JEC, 2013 WL 2457957, at *6 (N.D. Ga. June 6, 2013) (stating that a *prima facie* case for a violation of minimum wage or overtime requires plaintiff to show "as a matter of just and reasonable inference that the wages paid to him did not satisfy the requirements of the FLSA."). Therefore, the

only remaining issue is damages. The Court will go through each Plaintiff's allegations to determine the amount of recovery.

### A. Jimmy Bryant[3]

The Court finds that Jimmy Bryant was employed by Defendants for a total of 28 weeks, averaging 80 hours a week for a total of 2,240 hours with an average weekly pay of $500. His average hourly compensation for all hours worked was $6.25.[4] Bryant was entitled to 40 hours a week at minimum wage for $7.25 per hour and 40 hours a week of overtime compensation at $10.88 per hour. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

Bryant is entitled to $1,120 in minimum wage compensation and $5,185.60 in overtime compensation for a total of $6,305.60.[5] Bryant is also entitled to liquidated damages in the amount of $6,305.60. 29 U.S.C. § 216(b).

### B. Alphonson Goodgame

The Court finds that Alphonson Goodgame was employed by Defendants for a total of 79 weeks with one week off, averaging 66 hours a week for a total of 5,148 hours with an average weekly pay of $500. His average hourly

---

[3] The information regarding each individual Plaintiff comes from Plaintiffs' declarations and testimony given during the damages hearing. It is also unopposed.

[4] The Court came to this number by taking the average weekly pay divided by the average hours worked per week (500/80=6.25).

[5] The Court came to these numbers by taking the amount Bryant was owed and subtracting the amount he was paid ((7.25 x 1,120) − (6.25 x 1,120) = 1,120; (10.88 x 1,120) − (6.25 x. 1,120) = 5,185.60).

compensation for all hours worked was $7.58. Goodgame was entitled to 26 hours a week of overtime compensation. 29 U.S.C. § 207(a)(1).

Goodgame is entitled to $7,686.12 in overtime compensation.[6] Additionally, Goodgame is entitled to $7,686.12 in liquidated damages. 29 U.S.C. § 216(b).

### C. Adarrius Weaver

The Court finds that Adarrius Weaver was employed by Defendants for a total of 59 weeks, averaging 72 hours per week for total of 4,248 hours with an average weekly pay of $644.21 per week. His average hourly compensation for all hours worked was $8.95. Weaver was entitled to 32 hours a week of overtime compensation. 29 U.S.C. § 207(a)(1).

Weaver is entitled to $8,458.24 in overtime compensation.[7] Additionally, Goodman is entitled to $8,458.24 in liquidated damages. 29 U.S.C. § 216(b).

### D. Rene Kelly

The Court finds that Rene Kelly was employed by Defendants for a total of 32 weeks, averaging 72 hours per week for a total of 2,304 hours with an average weekly pay of $608.62. His average hourly compensation for all hours worked was $8.45. Kelly was entitled to 32 hours a week of overtime compensation. 29 U.S.C. § 207(a)(1).

---

[6] This number is different than what Plaintiffs requested in their Motion for Default Judgment because at the hearing Goodgame averred that he took one week off during the 79 weeks he worked for Defendants.

[7] (13.45 x 1,888) – (8.95 x 1,888) =8,458.24.

Kelly is entitled to $4,331.52 in overtime compensation.[8] Additionally, Kelly is entitled to $4,331.52 in liquidated damages. 29 U.S.C. § 216(b).

### E. Jemaine Jones

The Court finds that Jemaine Jones was employed by Defendants for a total of 104 weeks, averaging 72 hours per week for a total of 7,488 hours with an average weekly pay of $612.14. His average hourly rate for all hours worked was $8.50. Jones was entitled to 32 hours of overtime compensation per week. 29 U.S.C. § 207(a)(1).

Jones is entitled to $14,144.00 in overtime compensation.[9] Additionally, Jones is entitled to $14,144.00 in liquidated damages. 29 U.S.C. § 216(b).

### F. Markiyas Lockhart

The Court finds that Markiyas Lockhart was employed by Defendants for a total of 84 weeks, averaging 70-80 (averaged to 75) hours a week for a total of 6,300 hours with an average weekly pay of $625. His average hourly rate for all hours worked was $8.33. Lockhart was entitled to 35 hours of overtime compensation a week.

Lockhart is entitled to $12,245.10 in overtime compensation.[10] Additionally, he is entitled to $12,245.10 in liquidated damages. 29 U.S.C. § 216(b).

---

[8] (12.68 x 1,024) – (8.45 x 1,024) = 4,331.52

[9] This number is different from the number alleged in Jones' Declaration because it appears Plaintiffs' mathematical calculation is off by about $3.00. Dkt. No. [38-5] ¶ 14.

### G. Romalro Guyton

The Court finds that Romalro Guyton was employed by Defendants for 69 weeks, averaging 70-80 (averaged to 75) hours a week for a total of 5,175 hours with an average pay of $400 to $500 (averaged to $450) per week. Guyton's average hourly compensation was $6.00 for all hours worked. Bryant was entitled to 40 hours a week at minimum wage for $7.25 per hour and 35 hours a week of overtime compensation at $10.88 per hour. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

Guyton is entitled to $3,450.00 in minimum wage compensation and $11,785.20 in overtime compensation for a total of $15,235.20.[11] Additionally, Guyton is entitled to $15,235.20 in liquidated damages. 29 U.S.C. § 216(b).

### H. Attorney's Fees and Costs

In addition to their unpaid wages, Plaintiffs ask the Court to grant attorney's fees and costs under § 216(b) of the FLSA. After a review of the affidavit submitted by Plaintiffs' counsel, the Court finds that Plaintiffs' request is reasonable. Plaintiffs' counsel worked at least 34.2 hours on this case, and the Court finds his hourly rate of $375.00 to be reasonable. See Dkt. No. [45-1].

---

[10] $(12.50 \times 2940) - (8.33 \times 2940) = 12,245.10$

[11] This number is significantly different from the calculations provided in Plaintiff Guyton's affidavit because, first, at the damages hearing Guyton claimed only 69 weeks at V&S Towing rather than 71 as stated in the affidavit. Additionally, it appears that Plaintiffs sought to receive minimum wage compensation for the full 75 hours worked per week rather than the 40 hours required in the FLSA. Additionally, Plaintiffs miscalculated the amount of overtime compensation by calculating "time and a half" using $6.00 rather than the statutorily required $7.25 and only calculating 25 hours a week rather than 35 hours (75-40=35).

Additionally, the Court finds Plaintiffs' request for $1,138.86 in costs is reasonable. Therefore, the Court awards an additional $13,963.86 in costs and attorney's fees.

### I.     Conclusion

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff Jimmy Bryant recovers from Defendants, jointly and severally:
    a. $1,120 in minimum wage compensation;
    b. $1,120 in liquidated damages resulting from Defendants' violation of the FLSA's minimum wage provisions;
    c. $5,185.60 in overtime compensation; and
    d. $5,185.50 in liquidated damages resulting from Defendants' violation of the FLSA's overtime compensation provisions for a total of **$12,611.20**.

2. Plaintiff Alphonson Goodgame recovers from Defendants, jointly and severally:
    a. $7,686.12 in overtime compensation; and
    b. $7,686.12 in liquidated damages resulting from Defendants' violation of the FLSA's overtime compensation provisions for a total of **$15,372.24**.

3. Plaintiff Adarrius Weaver recovers from Defendants, jointly and severally:
    a. $8,458.24 in overtime compensation; and

    b. $8.458.24 in liquidated damages resulting from Defendants' violation of the FLSA's overtime compensation provisions for a total of **$16,916.48**.

4. Plaintiff Rene Kelly recovers from Defendants, jointly and severally:

    a. $4,331.52 in overtime compensation; and

    b. $4,331.52 in liquidated damages resulting from Defendants' violation of the FLSA's overtime compensation provisions for a total of **$8,663.04**.

5. Plaintiff Jemaine Jones recovers from Defendants, jointly and severally:

    a. $14,144.00 in overtime compensation; and

    b. $14,144.00 in liquidated damages resulting from Defendants' violation of the FLSA's overtime compensation provisions for a total of **$28,288.00**.

6. Plaintiff Markiyas Lockhart recovers from Defendants, jointly and severally:

    a. $12,245.10 in overtime compensation; and

    b. $12,245.10 in liquidated damages resulting from Defendants' violation of the FLSA's overtime compensation provisions for a total of **$24,490.20**.

7. Plaintiff Romalro Guyton recovers from Defendants, jointly and severally:

    a. $3,450.00 in minimum wage compensation;

  b. $3,450.00 in liquidated damages resulting from Defendants' violation of the FLSA's minimum wage provisions;

  c. $11,785.20 in overtime compensation; and

  d. $11,785.20 in liquidated damages resulting from Defendants' violation of the FLSA's overtime compensation provisions for a total of **$30,470.40**.

8. Plaintiffs recover from Defendants, jointly and severally

  a. $12,825.00 in attorney's fees; and

  b. $1,138.86 in costs for a total of **$13,963.86**.

The total amount to be recovered is **$150,775.42**.

It is further **ORDERED AND ADJUDGED** that pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in this Default Judgment as the interests of justice require the issuance of judgment as requested without further delay.

**IT IS SO ORDERED** this 12th day of April, 2016

              _____
               **Leigh Martin May**
               **United States District Judge**