IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JIMMY BRYANT, on his own behalf and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>V&S TOWING SERVICES, INC., CLEMENT PARKER, and SHERRY DUKES,<br><br>Defendants. | CIVIL ACTION NO.<br>1:14-CV-0661-LMM |

## **ORDER**

This case comes before the Court on Defendant Dukes' Motion to Set Aside Default [43]. After due consideration, the Court enters the following Order:

### I.   BACKGROUND

Plaintiff Bryant and the Opt-in Plaintiffs[1] brought this case on March 6, 2014, against Defendants seeking recovery for overtime compensation and recovery for minimum wages under the Fair Labor Standards Act ("FLSA"). Dkt.

---

[1] The Opt-in Plaintiffs are Alphonson Goodgame, Adarrius Weaver, Rene Kelly, Jemaine Jones, Markiyas Lockhart, and Romalro Guyton.

No. [1]. Defendants, including Defendant Dukes, submitted their Answer to the Complaint on April 30, 2014. Dkt. No. [14].[2]

On October 30, 2014, counsel for Defendants withdrew. Dkt. No. [17]. In the Notice of Withdrawal, Defendants' counsel asserted that all Court correspondence should be sent to Defendant Parker's address at 5954 Bretton Wood Drive, Lithonia, Georgia, 30058. Id. at 2. Defendant Dukes signed her name on the same page directing the Court to send all correspondence to Parker. Id.

On December 11, 2014, Default was entered against Defendant V&S Towing for failure to retain counsel. Dkt. No. [21]. On October 19, 2015, Default was entered against Parker and Dukes for failure to respond to Court Orders. Dkt. No. [31].

On February 18, 2016, Plaintiffs submitted a Motion for Default Judgment against Defendants. Dkt. No. [38]. On March 10, 2016, the Court ordered the parties to attend a damages hearing set for March 30, 2016. Dkt. No. [39]. Despite all Court documents being sent to the address she consented to using, Dukes asserts that she only became aware of her default on March 17, 2016. Dkt. No. [43] at 4. Two days before the damages hearing, counsel for Dukes entered two Notices of Appearance. Dkt. Nos. [40, 41]. However, neither Dukes nor her counsel appeared at the hearing where Plaintiffs provided sworn testimony as to

---

[2] This Answer was stricken after the Court entered Default against Defendants. Dkt. No. [31].

their alleged damages. Dukes asserts that her counsel simply misread the Court's March 10th Order.

Several days after the hearing on April 7, 2016, Dukes submitted a Motion to Set Aside Default. Dkt. No. [43]. In that Motion, Dukes asserts that her failure to fully participate in this litigation is a direct result of Defendant Parker's decision to actively hide Court Notices, Pleadings, and Orders. According to Dukes, she was unaware that she could include her own address in her former attorney's Notice of Withdrawal so as to receive Court filings.

As further defense, Dukes asserts that she never had an ownership interest in V&S Towing and was never employed by V&S Towing. Instead, Dukes contends that she merely volunteered for the company as a courier—retrieving employee time sheets and delivering them to Parker. As a result, she asks that the Court set aside her default.

## II.   LEGAL STANDARD

Rule 55(c) allows the Court to set aside an entry of default for good cause shown. Id. The good cause standard is less rigorous than the excusable neglect standard used in setting aside a default judgment.[3] E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990).

---

[3] Because Dukes submitted her Motion before the Court entered default judgment, the Court will proceed under the lower standard even though it has subsequently entered default judgment for Plaintiffs. Dkt. No. [46]. This will not affect Plaintiffs as Dukes is unable to overcome even the lower default standard. See infra.

3

The good cause standard is not rigidly defined and varies from situation to situation. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). The Eleventh Circuit dictates that good cause is not susceptible to a precise formula, though some general guidelines are commonly applied. Id. For instance, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id.

The Court notes, however, "that these factors are not 'talismanic,' and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Id. (citing Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)). "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. at 951-52 (citing Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194-95 (6th Cir. 1986)).

While defaults are disfavored, the Court has discretion when deciding whether to set aside an entry of default. Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984).

### III. DISCUSSION

While Dukes may ultimately have a meritorious defense, that factor does not overcome her willful failure to participate in the litigation. See Compania, 88 F.3d at 951. First, the record shows that Dukes clearly knew about the case. She admits to being served with a notice and summons on March 18, 2014, and she admits to participating in filing Defendants' Answer with the Court. Dkt. No. [43] at 2-3.

Additionally, Dukes asserts that her former attorneys only included Defendant Parker's address in their Notice of Withdrawal and that she was unaware of subsequent filings in the case. According to her, despite her signature on a document indicating her knowledge of the address to be used, she was unaware that she could have her address included in the Notice or on file with the Court.

Yet, this contention does not answer why she would not have investigated the posture of the litigation herself. Simply not knowing that she could have received filings does not excuse her continued ignorance of the proceedings as she could have called the Courthouse directly to determine whether litigation had ceased. While she may have relied on Defendant Parker's misrepresentation, this does not mitigate her own duty to actively participate in the litigation. See Vivid Entm't, LLC v. Baserva, No. 2:13-cv-524-FtM-29DNF, 2015 WL 476169, at *3 (M.D. Fla. Feb. 5, 2015) (denying motion to set aside default when defendant

appeared several times, as convenient, but took no effort to actively participate in the litigation).

Dukes further contends that Plaintiffs cannot point to any intentional delays or obstruction of the judicial process. Instead, she claims the only evidence is that she was simply mistaken. However, this argument warps the true legal standard for setting aside default. That is, if the defaulting party exhibits a "reckless disregard for the judicial proceedings," the court can deny the motion. Compania Interamericana, 88 F.3d at 951. There is no requirement that the defaulting party must act willfully or intentionally.

Lastly, the Court understands that Dukes' attorneys contend they misread the Court's March 10th Order directing the parties to attend a hearing on March 30th. However, Dukes admits that she knew about the default by March 17th and Dukes' counsel made their notices of appearance on CM/ECF on March 28th. The docket on CM/ECF clearly indicates that the damages hearing was to be held on March 30th. While Dukes' counsel states that they would not have had enough time to prepare for the hearing, they could have asked the Court for some sort of extension. Instead, Dukes waited until April 7th, a full 22 days after discovering her default, to file the instant Motion. See Compania, 88 F.3d at 951 (discussing failure to act promptly as a factor used to consider setting aside default).

Based on those deficiencies, the Court finds that Dukes displayed a reckless disregard such that she willfully failed to participate in this litigation.[4] See id. at 951-52. As a result, the Court **DENIES** Defendant Dukes' Motion to Set Aside Default.

IV. **CONCLUSION**

In accordance with the foregoing, the Court **DENIES** Defendant Duke's Motion Set Aside Default [43].

**IT IS SO ORDERED** this 12th day of May, 2016

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court finds that Dukes acted willfully, it need not discuss any other factors under Rule 55(c). See Compania, 88 F.3d at 951-52.